was declared of 8r per cent., 70 per cent. of which the defendants had received at the time of the trial.

The judgment should be affirmed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed.*

⋌

HENRY BROOKS, Respondent, *against* WILLIAM C. CONNER, SHERIFF OF THE CITY AND COUNTY OF NEW YORK, Appellant.

(Decided April 4th, 1881.)

A warrant of attachment against an absconding debtor was levied by the sheriff upon certain goods which had been in the possession of the debtor, among them articles claimed by the plaintiff as samples which he had consigned from London to the debtor in New York, and from which, as samples, sales were to be made by the latter of the plaintiff's goods. *Held*, in an action against the sheriff for such alleged wrongful taking, that upon the question of identity of the goods shipped by the plaintiff with those levied on by the sheriff, the entry by the consignee in the custom house at New York, and the invoice filed by him, upon which he obtained possession of the goods, were admissible in evidence as part of the *res gestæ*, even though irregular or defective in respect of the requirements of the customs laws ; and a question to a witness upon the same issue, whether the numbers he found upon the goods were also the numbers referred to in the invoice already in evidence, was not objectionable, as it was confined to a comparison between the numbers which the jury might themselves have made.

A demand of the consignee, for which he might have had a lien on the goods, was adjusted and settled between him and an agent of the plaintiff. *Held*, that although this was, so far as the sheriff was concerned, a transaction between third parties, proof of it was admissible against him as showing the plaintiff's right to possession of the goods as well as his title to them.

* The judgment entered upon this decision was affirmed by the Court of Appeals, May 30th, 1882 (see 89 N. Y. 182).

Where a demand for property is refused solely on the ground that the property belongs to a person other than the one on whose behalf the demand is made, without objection to the authority of the person making the demand, and no question of such authority is raised on the trial of an action brought in consequence of such refusal, the question cannot be considered upon appeal from the judgment.

APPEAL from a judgment of the general term of the Marine Court of the city of New York, affirming a judgment of that court entered on the verdict of a jury.

The action was brought to recover for an alleged wrongful taking and detention of goods of the plaintiff. The defendant, as sheriff of the city and county of New York, proceeding under an attachment against the property of one Henry M. Franklin, had levied upon the goods in question, which, with other property, had been in the possession of Franklin. Other facts are stated in the opinion.

At the trial, the jury found for the plaintiff, and judgment in favor of the plaintiff was entered on the verdict. From the judgment the defendant appealed to the general term of the Marine Court, which affirmed the judgment; and from this decision the defendant appealed to this court.

*Vanderpoel, Green & Cuming,* and *Carlisle Norwood, Jr.,* for the appellant.

*H. G. Batcheller,* for respondent.

J. F. DALY, J.—The evidence was sufficient to warrant the finding of the jury, and there does not appear to be any error in the rulings or the charge. Plaintiff, residing and doing business in London, England, consigned to Henry M. Franklin at New York, certain goods as samples, from which to make sales on commission. The main question in the case was the identity of those goods with property seized by the sheriff. The proof showed : 1. The consignment on June 25th, 1874, to Franklin under the personal supervision of plaintiff, who identifies the goods shipped as the articles set forth in an invoice copied from his books and produced in evidence with-

out objection; 2. An invoice produced from the files of the New York Custom House, which is a copy of that referred to in plaintiff's testimony, together with the original entry of the goods by Franklin on July 16th, 1874, as imported per steamer Celtic from Liverpool; 3. After the seizure by the sheriff, on December 26th, 1875, Thomas L. Barnett, the plaintiff's agent, took an inventory of these goods in Franklin's store, identifying them by a comparison of the trade numbers stamped on each article and the numbers referred to in the invoice and from the style of the goods. The goods in the inventory made by witness appear to be of the same kind as those specified in the invoice.

The trial judge left to the jury the question whether these goods belonged to plaintiff or to Franklin. He was asked to charge that if the plaintiff allowed this property to remain in the possession of Franklin and allowed him to deal with it as his own, he is estopped from any right or title in the recovery. There was no evidence to show that the plaintiff had assented to any such disposition of the goods by Franklin, or had parted with his title. The judge refused to charge as requested, but stated that "it is a very strong circumstance for the jury to take into consideration." His refusal was not error.

The defendant objected to the introduction of the invoice and entry from the files of the custom house as irrelevant and incompetent. The plaintiff was entitled to show the whole transaction by which these goods came into Franklin's possession at New York from the plaintiff in London, and the entry by Franklin at the custom house with the invoice produced and filed by him there with his entry were admissible as part of the *res gestæ.* Any act of Franklin in getting the goods that plaintiff had shipped, might be shown, even if the act were not done in pursuance of the customs statutes or regulations. It was not necessary to show that the entry by Franklin was in conformity with law, or that the invoice he filed was regular. The evidence was not offered to prove a record, but the act of Franklin, and the papers were relevant and competent for that purpose, there being no question that the entry was Franklin's act, done for the purpose of getting possession

of the goods.    The defendant's objection to the entry was that
"it purports to be a declaration by Franklin and is not bind-
ing against defendant in any way."    It was signed by Frank-
lin.

Regarding the entry and invoice filed with it in this light,
it is of no consequence that the invoice was irregular or defec-
tive as to the oath or certificate taken and attached to it at the
place of exportation.    If Franklin obtained possession of the
goods shipped by plaintiff, on this invoice and entry, the evi-
dence of the fact was competent and relevant with other facts
to establish the delivery to him of plaintiff's goods.    The de-
livery commenced with the shipment of the goods at Liver-
pool and ended with their arrival at Franklin's store in New
York, and proof of the processes by which this was accom-
plished was competent evidence of the fact of delivery.

Just prior to the seizure by the sheriff the plaintiff's agent
Mr. Barnett called on Franklin in reference to the transfer of
the consigned goods to other parties (Howard, Sanger & Co.).
Mr. Barnett was allowed (under defendant's objection that the
evidence was irrelevant and immaterial) to state the conver-
sation between himself and Franklin.    The evidence given was
relevant and material, and showed that plaintiff through How-
ard, Sanger & Co. had discharged the only claim made by
Franklin against the goods or the plaintiff, viz: a claim for
seventy or eighty dollars for expenses incurred—advertising
and incidental expenses.    This transaction, *i. e.* the adjustment
and settlement of Franklin's demand, for which he might have
a lien on the goods, was necessarily a transaction between third
parties, so far as the sheriff was concerned, but, like the orig-
inal consignment and delivery to Franklin, was competent and
material to show plaintiff's right to possession of the goods as
well as his title in them.    The witness Barnett was as compe-
tent to prove this transaction as Franklin would have been;
and the objection on which appellant lays great stress in his
points, namely, that admissions or declarations of Franklin as
to the ownership of the goods were thus allowed and were
hearsay, is not tenable.    Defendant attempted to prove declara-
tions of Franklin to his own attorney at other times as to the

Brooks *v.* Conner.

ownership of the goods, but this was an entirely different matter, and such declarations were properly excluded.

The case does not show that defendant sought and obtained a ruling on the admission of the schedule of prices proved by the witness Barnett. The only exception taken was to the witness being allowed to answer whether he was acquainted with the London prices. The witness Hoff afterwards testified to the value of the goods in the New York market. He stated it to be $612.89. The jury gave a verdict for less than half this amount.

The exception taken by defendant to the question put to the witness Barnett as to whether the numbers he found on the goods " were also the numbers referred to in the invoice " was not well taken, as the evidence was clearly confined to a comparison, made by the witness, between these numbers. The jury might have made the comparison. The witness did not assume to have any other knowledge of identity between the invoiced goods and those he inventoried and there was no room for inference on the part of the jury that his testimony went further than the mere statement of the fact of similarity in the numbers.

A demand for these goods was made of the sheriff before the action. The demand was made by the plaintiff's attorney and was verbal. The sheriff refused to deliver because " it was claimed the goods belonged to Henry M. Franklin and that he had seized them as belonging to him." No question of the attorney's authority to make the demand was raised and the refusal was put on a ground which made it unnecessary to produce evidence of authority (*Tuttle* v. *Gladding,* 2 E. D. Smith, 157). No question of authority was raised on the trial, and it cannot be considered here.

The judgment should be affirmed.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Judgment affirmed, with costs.